ROBERT FLEMMING *v.* P. ROTCHFORD et al.

The removal of a mortgaged slave from Louisiana to Alabama, and his subsequent sale there, cannot be set up in this State as a bar to the mortgage existing prior to his removal.

APPEAL from the Third District Court of New Orleans, *Kennedy, J.*

*Rawle,* for *Crain,* appellant. *E. A. Bradford, Durant & Hornor, Rozier* and *Penrose,* for different defendants.

MERRICK, C. J. A motion to dismiss the appeal in this case was overrulled in May last. See 10 An.

The case, upon its merits, has turned principally upon the effect to be given to a private act of sale (which purports to have been passed in the State of Alabama) of the slave in controversy.

The plaintiff contends that having bought the slave of *John Ward,* in Alabama, where he alleges the slave then was, he acquired him as personal property, free from incumbrances, and that he is so entitled to hold the slave here.

The slave having been subject to the judicial mortgage in favor of *E. A. Bradford* against *George P. Bowers,* at the time of the sale from *Bowers* to *Crane,* the plaintiff must take his title subject to the incumbrances which existed upon it at the time his vendors acquired title to it in Louisiana. The subsequent removal of the property from Louisiana to a common law State, and a sale of it there, could not be set up in this State as a bar to the judicial mortgage existing upon it prior to its removal.

It is proper to add, that none of the transfers in plaintiff's chain of title were recorded, and *Bradford* was not bound to notice them in the proceedings under his judgment.

It has been recently decided by this court, that a judgment by confession, when duly recorded, operates as a judicial mortgage.

Judgment affirmed.